IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE KOHAN, | Civil Action |
| Plaintiff, | No. 3:20-CV-145 |
| v. | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | JURY TRIAL DEMANDED |
| and, | |
| CONSOLIDATED RAIL CORPORATION, | |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, George Kohan, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Jurisdiction

1. Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, as he is raising claims under the Federal Employers' Liability Act, 45 U.S.C. 51 *et seq*.

### II. Parties

2. Plaintiff, George Kohan, is an adult individual who resides in Cambria County, Pennsylvania.

3. Defendant, Norfolk Southern Railway Company (Norfolk), is a Virginia corporation that does business within this Court's geographic area. Its registered agent is Corporation Service Company located at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

4. Defendant, Consolidated Rail Corporation (Conrail), is a Pennsylvania corporation that does business within this Court's geographic area. Its registered agent is Corporation Service Company located at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

5. From July 1976 to June 1999, Plaintiff worked for Conrail at its Southfork and Conemaugh railyards.

6. Norfolk acquired a portion of Conrail's assets and employees in 1997.

7. From June 1999 to February 2018, Plaintiff worked for Norfolk at its Southfork and Conemaugh railyards.

8. During that time, Norfolk was responsible for the maintenance and ground conditions in the Southfork and Conemaugh yards.

## Count I
## FELA as to Conrail

1-5   Plaintiff incorporates the allegations of Paragraphs 1 to 4 as if fully restated.

6. Defendant, Conrail, was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in interstate commerce and did business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

7. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

8. Plaintiff was employed by Defendant, Conrail, from July, 1976 to June, 1999 as a freight conductor engaged in interstate commerce.

9. Plaintiff was exposed to the conditions in the Southfork and Conemaugh yards for the majority of his employment with Conrail.

10. During the aforementioned time, Conrail was responsible for inspecting, maintaining and repairing the ground conditions inside the Southfork and Conemaugh yards.

11. The ground conditions in the Southfork and Conemaugh yards remained substantially the same that entire time.

12. Because of the ground conditions, Plaintiff was forced to walk over uneven surfaces and in areas where the ground would shift under Plaintiff's feet as he walked.

13. At the time of Plaintiff's employment, Defendant engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to maintain the walking areas in the Southfork and Conemaugh yards so as to make uneven ground conditions and oversized ballast an unavoidable hazard for employees walking in the yard;

(b) Defendant failed to provide adequate equipment to maintain the walking surfaces in the Southfork and Conemaugh yards so as to repair known issues;

(c) Defendant failed to provide adequate manpower to perform needed maintenance to the walking surfaces in the Southfork and Conemaugh yards so as to repair known potholes;

(d) Defendant failed to adequately budget for repairs to the walking surfaces in the Southfork and Conemaugh yards;

(e) Defendant failed to repair ground conditions that were the subject of complaints about the conditions of the walking surfaces in the Southfork and Conemaugh yards;

(f) Defendant chose not to repair the walking surfaces in the Southfork and Conemaugh yards;

(g) Defendant failed to train its employees in the proper methods to use when inspecting, maintaining and repairing ground conditions in its Southfork and Conemaugh yards;

(h) Defendant failed to supervise its employees in their efforts to repair and maintain the ground conditions in its Southfork and Conemaugh yards;

(i) Any other acts of negligence identified in discovery.

14. Defendant's conduct as set forth above was negligent.

15. The ground conditions were such that it was not possible for Plaintiff and other employees to avoid the oversized ballast given its wide use inside the yard.

16. As a result of Defendant's conduct as set forth above, Defendant failed to provide Plaintiff with a reasonably safe place to work.

17. Plaintiff was unaware of the connection between his work at Conrail and any of his back, leg, knee and foot pain and/or conditions until sometime on and after August 7, 2017, when he saw a physician for right knee pain that he believed was connected with going up and down steps, but the physician instead instructed him not to return to work for a time.

18. Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff's back, leg, knee and foot pain and numbness; Plaintiff will incur medical expenses in the future; Plaintiff has suffered, does suffer, and will continue to suffer pain and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, GEORGE KOHAN, prays for judgment in his favor and against Defendant, CONSOLIDATED RAIL CORPORATION, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), representing lost wages, future medical expenses, and pain and suffering, together with his costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

### Count II
### FELA as to Norfolk

1- 8    Plaintiff incorporates the allegations of Paragraphs 1 to 4 as if fully restated.

9. Defendant, Norfolk, is and was at all times herein mentioned a corporation duly organized and existing according to law engaged in business as a common carrier by railroad in

interstate commerce and did business within this Court's geographical jurisdiction. As such, venue in this district is appropriate pursuant to 45 U.S.C. §56.

10. This action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

11. Norfolk acquired Conrail and a portion of its assets in 1997, including the Southfork Yard.

12. Plaintiff was employed by Defendant, Norfolk, from June, 1999 to February, 2018 as a freight conductor engaged in interstate commerce.

13. Plaintiff was exposed to the conditions in the Southfork and Conemaugh yards for the majority of his employment with Norfolk.

14. During the aforementioned time, Norfolk was responsible for inspecting, maintaining and repairing the ground conditions inside the Southfork and Conemaugh yards.

15. The ground conditions in the Southfork and Conemaugh yards remained substantially the same that entire time.

16. Because of the ground conditions, Plaintiff was forced to walk over uneven surfaces and in areas where the ground would shift under Plaintiff's feet as he walked.

17. At the time of Plaintiff's employment, Defendant engaged in certain conduct and made certain choices, to-wit:

(a) Defendant failed to maintain the walking areas in the Southfork and Conemaugh yards so as to make uneven ground conditions and oversized ballast an unavoidable hazard for employees walking in the yard;

(b) Defendant failed to provide adequate equipment to maintain the walking surfaces in the Southfork and Conemaugh yards so as to repair known issues;

(c)     Defendant failed to provide adequate manpower to perform needed maintenance to the walking surfaces in the Southfork and Conemaugh yards so as to repair known potholes;

(d)     Defendant failed to adequately budget for repairs to the walking surfaces in the Southfork and Conemaugh yards;

(e)     Defendant failed to repair ground conditions that were the subject of complaints about the conditions of the walking surfaces in the Southfork and Conemaugh yards;

(f)     Defendant chose not to repair the walking surfaces in the Southfork and Conemaugh yards;

(g)     Defendant failed to train its employees in the proper methods to use when inspecting, maintaining and repairing ground conditions in its Southfork and Conemaugh yards;

(h)     Defendant failed to supervise its employees in their efforts to repair and maintain the ground conditions in its Southfork and Conemaugh yards;

(i)     Any other acts of negligence identified in discovery.

18.     Defendant's conduct as set forth above was negligent.

19.     The ground conditions were such that it was not possible for Plaintiff and other employees to avoid the oversized ballast given its wide use inside the yard.

20.     As a result of Defendant's conduct as set forth above, Defendant failed to provide Plaintiff with a reasonably safe place to work.

21.     Plaintiff was unaware of the connection between his work at Norfolk and any of his back, leg, knee and foot pain and/or conditions until sometime on and after August 7, 2017, when he saw a physician for right knee pain that he believed was connected with going up and down steps, but the physician instead instructed him not to return to work for a time.

22.     Wholly or partly as a result of the aforementioned acts or omissions on the part of the Defendant, Plaintiff suffered the following injuries and damages: Plaintiff's back, leg, knee and foot pain and numbness; Plaintiff will incur medical expenses in the future; Plaintiff has

suffered, does suffer, and will continue to suffer pain and loss of enjoyment of life; Plaintiff has lost wages and earning capacity and will continue to lose wages and earning capacity in the future; all to Plaintiff's damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, GEORGE KOHAN, prays for judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), representing lost wages, future medical expenses, and pain and suffering, together with his costs herein expended, and for such other and further relief as the Court deems just and proper in these circumstances.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff

and

**ARMBRUSTER, DRIPPS, WINTERSCHEIDT & BLOTEVOGEL, LLC**

/s/ Charles W. Armbruster III
Charles W. Armbruster III
Michael T. Blotevogel

51 Executive Plaza Ct.
Maryville, IL 62062
Phone: 800/917-1529
Fax: 800/927-1529
charlesa@adwblaw.com
mikeb@adwblaw.com

Attorneys for Plaintiff